ALEXANDER & McLAUGHLIN, Adm'rs, &c., *v.* RINTELS & WITTKOWSKI.

A judgment rendered in 1864 upon a note for Confederate money lent in 1862, is subject to the same *scale* that the note was; and, *therefore*, where a surety to the debt paid off the judgment in 1867 at its face value: *Held*, that he could not recover such full amount from the principal, not having been *compelled* to pay it.

CIVIL ACTION, tried before *Mitchell, J.*, at Spring Term 1870 of IREDELL Court.

On the 20th of August 1862, the defendants Rintels & Wittkowski, upon a loan of Confederate money, made their note to Lowrance (whose administrators the plaintiffs are,) who afterwards endorsed it to Sharpe, and he, at Fall term 1864 of the Superior Court of Law for Iredell County, recov-

ALEXANDER *v.* RINTELS.

ered judgment on it by default against both the makers and the administrators of the endorser. The makers procured the judgment to be vacated as to them, but the administrators failed in their attempt to do so : *Sharpe* v. *Rintels*, Phil. 34; and they thereupon, in 1867 and 1869, paid the full amount of the judgment to the plaintiff, Sharpe, in United States currency. The administrators then brought this suit, and at Spring term 1870 of Iredell Superior Court, the attorney for the defendants consented that the plaintiff might take judgment: but there appears to have been a misunderstanding between the attorneys, the attorneys for the plaintiffs understanding that the judgment was to be for the full sum paid by the plaintiffs, and the attorney for the defendants understanding that the debt recovered by Sharpe was to be scaled under the Act of Assembly. The judgment was, in fact, entered according to the understanding of the agreement by the plaintiff's attorney ; and the defendants. moved to vacate or modity it.

His Honor, Judge Mitchell, without deciding upon the question as to what was the real agreement between the attorneys, refused to vacate or modify the judgment, upon the ground that upon the facts admitted, the plaintiffs were, in law, entitled to the judgment which was actually entered ;. and the defendants appealed.

*Boyden & Bailey*, and *Bragg*, for the appellant.
*W. P. Caldwell*, contra.

RODMAN, J. (After stating the case as above.) We can not undertake to decide any differences between the counsel,. as to what was their agreement. The Judge, before whom a judgment is alleged to have been confessed, alone (in the first instance, at least,) can say whether the judgment appearing of record in his Court, was entered in the terms of

the confession. We understand the question presented to us, to be, whether, upon the facts admitted in the pleadings, and independent of any agreement of the attorneys, the plaintiffs were entitled, in law, to recover as damages the full amount paid by them to Sharpe, or only so much as they would have been liable to pay if the scale for Confederate money had been applied to the judgment recovered in 1864. This involves the question, whether the plaintiffs were *compelled* to pay the full amount of the judgment. We think they were not, but, by a proper application to the Court, they were entitled to, and could, have obtained an entry of satisfaction on the judgment, upon a payment of so much as it would have amounted to after the application of the legislative scale to the note at its date. The case of a judgment recovered during the war, upon a note given during the war, and remaining unpaid at the enactment of the Ordinance of the Convention in 1865, is clearly within the mischief intended to be remedied, and it is the duty of the Court to apply it to all cases coming within its principle. This being so, the payment by the plaintiffs of any excess over that sum was officious, and no request by the defendants to make such payment for their use, can be implied. Consequently the plaintiffs have entered judgment for more than they were entitled to, and in the absence of any binding agreement by the defendants to confess judgment for a larger amount, the present judgment should be modified in accordance with these views. The judgment below is reversed, and this opinion will be certified to the Superior Court of Iredell, in order that further proceedings may be had herein according to law.

PER CURIAM.                          Judgment reversed.