STATE *ex rel.* LOUISA STOCKS, Adm'x *de bonis non, v.* W. H. SMITH, Adm'r, &c., *et al.*

A judgment rendered during the war is subject to the legislative scale in regard to Confederate notes to be applied at the date of the contract, or the time of the breach complained of.

Verdict that the "plaintiff is entitled to the amount of the judgment taken at February Term, 1865, subject to the legislative scale," and his Honor had charged the jury that the sale was to be applied at the date of demand, August, 1863: *Held,* that the judgment was to be scaled as of August, 1863, and his Honor ought to have directed the clerk to aid the jury in the calculation necessary for the application of the sale, so as to fix the amount, for which the judgment should be rendered.

(*Alexander* v. *Rentals,* 64 N. C, Rep. 634, cited and approved.)

CIVIL ACTION on an Administrator's bond, tried at the January (Special) Term, 1873, of PITT Superior Court by his Honor, *Clarke, J.*

The defendant, Smith, was the administrator of one Asa Stocks, and the other defendants were sureties on his official bond. At the August Term, 1863, of the Court of Pleas and Quarter Sessions of Pitt county, he surrendered his letters of administration, and the plaintiff was appointed administratrix *de bonis non* of the estate of the said Stocks, and at once demanded the payment to her of whatever the defendant had in his hands belonging to said estate. This defendant did not do, and the plaintiff filed a petition against him for a settlement, and at February Term, 1865, obtained a judgment against defendant, Smith, as administrator, for the sum of $504.05, with interest from 1st of January, 1865. Upon this judgment, she brings the present suit, and offers in evidence, the administrator's bond, the record of his appointment, surrender and her own appointment and of the judgment just alluded to.

The defendant, in answer, testified that he sold the personalty of the estate of his intestate on a credit of six months ; that the sale took place the —— day of ——, 1862, and he collected the proceeds as soon as the notes were due in Confederate money, except some fifty or sixty dollars in bank

bills, with which (Confederate money and bank bills) he took up the claims against the estate so far as he could. That he did not pay over to the plaintiff the funds belonging to the estate when requested because he wanted the clerk to state his account before going into a settlement; that the clerk had sent off the records, &c., of the Court for safe keeking, and could not state his account when he desired it. That he, the defendant, requested the clerk to inform him when the account was stated, which he did, the same being done at February Court, 1865, and that soon thereafter, the last of February or the 1st of March, he tendered to the plaintiff the amount of the judgment obtained by her in Confederate currency and she refused to accept it. The defendant further stated that he received fifty or sixty dollars in bank money as part of the proceeds of sale; that he did not know what he did with this money and could not say that he paid it out for debts; that plaintiff wanted to setttle with him, as she could not settle the estate unless he first settled with her; that the money he tendered the plaintiff after his account was stated was not the identical bills he received for the property sold; it was not the same money but the same currency. At the sale some of the property sold was paid for in cash, how much he could not say, though not so much as half. Defendant further stated that the money he tendered the plaintiff in 1865 he afterwards deposited with Calvin Cox, the clerk, and who also became clerk of the Superior Court in 1868.

Plaintiff objected to the introduction of this testimony. The Court received it and plaintiff excepted.

The plaintiff, in answer, testified that after her appointment as administratrix she called on defendant at the Courthouse and requested a settlement. She wanted to settle to enable her to do so; that defendant refused to settle and stated he would not until his accounts were stated; that he never paid her over anything nor ever offered to pay until

a short time after the last battle of Kinston, in 1865; that he then offered her Confederate money which she refused to accept.

Plaintiff further testified that during the war she paid to defendant a debt he held against the estate of some $60 in Confederate money, out of her own funds, and that since the war she had paid other debts in "greenbacks"—some $29.50 —out of her own money. She could not say the exact amount of debts against the estate she had paid, but they would amount to $200.

Other witnesses were examined on both sides, but as their testimony only coroborrated what before had been stated, it is needless to repeat their evidence. Plaintiff offered to prove the value of the property sold. Rejected by the Court. Plaintiff again excepted.

His Honor charged the jury that defendant on relinquishing the administration, or at the end of two years after taking out letters of administration became liable for any balance in his hands in such funds as he had received or their equivalent. Much more is that the case if the evidence satisfies the jury that a demand was made upon him and he failed to settle. If he tendered Confederate money, it being the currency of the country at the time, no interest on the amount really and justly due can be allowed from that time to the date of the suit. The jury then will consider and determine what amount if any was due at the time the administratrix demanded settlement, applying the Legislative scale. If the defendant tendered the identical money he received, or deposited with the clerk the very same, you will find for the defendant, but otherwise for the plaintiff, for the amount reduced by the scale in money of the present day.

There was a verdict for the plaintiff, and the jury say plaintiff is entitled to the judgment taken February Term, 1865, subject to the legislative scale.

Plaintiff moved for a new trial on the ground that the

verdict was contrary to the evidence and the charge of the Judge, and the Court having intimated a readiness to grant, the same defendant's counsel proposed the following : " that judgment be entered for $ —, the balance due on the 8th August, 1853, with interest from that time, subject to a deduction of the amount of the value of Confederate money at that time, according to the legislative scale, as to which there will be a reference to the clerk of this Court."

This was declined by plaintiff on the ground that he had failed to show whether he paid out for the purposes of the estate some $60 or $70, by him received in old bank bills, or had used it for his own purposes. The Court being of opinion that the verdict as reformed would be just and that the objection of the plaintiff was frivolous, refused the motion for a new trial. Plaintiff appealed.

*Battle & Son,* for appellant.

1. The judgment obtained by the plaintiff against the defendant at the February Term, 1865, of the County Court of Pitt, being in all respects regular, cannot be questioned, except upon a motion to set it aside or to have it amended and modified. It makes no difference that it was given during the war, and its merits, &c., cannot now be questioned. *Jacobs* v. *Burgwyne,* 63 N. C. Rep., 193 ; *McElmoyle* v. *Cohen,* 13 Peters 312.

2. If it were admissible to show that the judgment was solvable in Confederate money, then the value of the property sold, and not the amount scaled, ought to have been taken as the true sum to which the plaintiff was entitled. *Maxwell* v. *Hipp,* 64 N. C. Rep. 98 ; *Laws* v *Rycroft,* Ibid 100.

3. The offer to pay in Confederate money, even if it had been in time, was of no effect because it was not the same identical money which the defendant had received. *Cummings* v. *Mebane,* 63 N. C. R., 315 ; *Shipp* v. *Hetrick,* Ibid 329.

4. As the defendant could not tell what he had done with the bank bills the plaintiff was entitled to the value of them.

5. As to the verdict, see *Meredith* v. *Crews*, 64 N. C. Rep. 536; *Merrimon* v. *Norton*, 115.

.6. After the Court had decided that plaintiff was entitled to a new trial he had no right to punish her for refusing to accept the terms proposed by the defendant.

No counsel in this Court, contra.

PEARSON, C. J. A judgment rendered during the war is subject to the legislative scale in regard to Confederate notes, to be applied at the date of the contract or the time of the breach complained of. *Alexander* v. *Rentels*, 64 N. C. Rep. 634.

The learned counsel for the plaintiff in this Court admitted his misapprehension of the law in regard to this point, and thus the case is relieved from all embarrassment. The jury find that the plaintiff is entitled to (the amount) the judgment taken February Term, 1865, subject to the legislative scale. His Honor had charged that the scale was to be applied at the date of the demand, August, 1863. So upon the return of the verdict his Honor ought to have directed the clerk to aid the jury in the calculation necessary for the application of the scale, so as to fix the amount for which judgment should be rendered.

Instead of taking this course his Honor heard certain propositions for a compromise, and leaves the matter at large, and *thereupon the plaintiff appeals.*

There is error. This will be certified to the end that in the Court below the legislative scale, may, upon a calculation to be made by the clerk on the basis that the scale of August, 1863, is applicable, be applied to the case, and judgment be entered in conformity thereto.

It is set out in the record that the verdict was taken by consent in the absence of the Judge, and in such cases, and in fact in all cases, the entry of the verdict made by the clerk should be construed in reference to the charge of the Judge, and it should never be intended that the jury mean to find contrary to the charge of the Judge. In this case he told the jury, in so many words, that the legislative scale was to be applied at the time the plaintiff made the demand, August, 1863, and the entry of the verdict must be construed in reference to his charge. There will be judgment for defendant as to the costs of the appeal. It is the fault of the plaintiff that the verdict was not made to conform to the ruling of his Honor.

PER CURIAM.                          Judgment accordingly.